UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

JAMES H. LESLIE

CRIMINAL ACTION

NO. 09-115-JJB-DLD

**RULING ON MOTION TO DISMISS**

This matter is before the Court on Defendant's motion (doc. 14) to dismiss the indictment. The government filed an opposition. (Doc. 16.) The Court stayed the matter (doc. 18) pending a decision by the Supreme Court related to the government's honest services charge. Following the Supreme Court's ruling, Defendant filed a supplemental brief (doc. 20) and the government filed a response (doc. 21). For the following reasons, the Court GRANTS Defendant's motion (doc. 14) to dismiss the indictment.

Background

The government indicted Defendant James H. Leslie on three counts of mail fraud related to Leslie's alleged improper sale of horses during his time as director of Prison Enterprises, a state agency that provides agricultural work for inmates and keeps horses at the Louisiana State Penitentiary ("Angola"). The government alleges that on three instances Leslie sold horses from Angola to a private party without following the legally required state procedure. In one instance, Leslie sold a horse to a third party only to then purchase the horse from the third party, thereby circumventing a regulation prohibiting Leslie from purchasing horses directly from Prison Enterprises.

Louisiana generally prohibits the sale of prison-made products except for sales to public and non-profit organizations. LA. REV. STAT. ANN. § 51:692.1. An exception exists for agricultural products, which must be sold in accordance with rules adopted by

1

the secretary of the state Department of Public Safety and Corrections. LA. REV. STAT. ANN. § 15:1157(B). In March 2005, Prison Enterprises adopted a written policy that allowed the sale of horses to the general public through either public auction or sealed bids. A grand jury indicted Leslie on charges of honest services fraud and money or property fraud in violation of 18. U.S.C. §§ 2, 1341, 1346.

## Analysis and Conclusion

Neither party disputes that the honest services charges must be dismissed because Leslie's alleged activities did not involve a kickback or bribery scheme. *See United States v. Skilling*, 130 S. Ct. 2896, 2907 (2010) (limiting honest services charges exclusively to allegations of kickbacks or bribery).

The parties dispute, however, whether the "money or property" fraud charge should remain. The government alleges Leslie deprived the State of Louisiana of money or property by selling the horses, but it fails to show what money or property was taken. If the government is alleging deprivation of property in the form of the horses, the indictment offers no indication the horses were sold at less than fair market value or that the horses performed some function such that the mere act of selling them deprived the state of an irreplaceable tool or commodity. If the government is alleging deprivation of money in the form of auction fees paid for horses that were not actually sold at public auction, the Court is hard-pressed to find any alleged fact rising to the level of fraud. Had Leslie done what the state code requires and sold the horses at auction, the state would have nonetheless incurred the commission and insurance fees.

Essentially, the government alleges that Leslie violated the state ethics code by engaging in self-dealing. The involved money and property constitute the facts of this

self-dealing, but do not transform this "honest services" fraud into "money or property" fraud. Instead, the "money or property" fraud is really nothing more than the government's attempt to bring an "honest services" charge cloaked in the appearance of a different violation. See Skilling, 130 S. Ct. at 2932-33. Essentially, the government alleges nothing more than failure to follow the state ethics code, an allegation best left to state prosecutors and state courts.

The Court finds that the honest services fraud charge is barred by Skilling and further finds no grounds for the "money or property" fraud allegation. Accordingly, Defendant's motion (doc. 14) is GRANTED. It is ORDERED that the indictment be DISMISSED.

Signed in Baton Rouge, Louisiana, this 11th day of August 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**